IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>    v.<br><br>ALIEU M. ISCANDARI,<br><br>        Defendant. | Case No.: C11-0797 JSC<br><br>**ORDER GRANTING DEFENDANT'S MOTIONS TO VACATE DEFAULT JUDGMENT AND EXTEND RESPONSE TIME (Dkt. Nos. 11, 12)** |

Defendant, who is an attorney, challenges the student loan default judgment entered against him during a protracted illness. Now pending before the Court are Defendant's Motions to Vacate Default Judgment and for Extension of Time to Respond to Plaintiff's Complaint. (Dkt. Nos. 11, 12.) After reviewing the papers submitted by the parties, and with the benefit of oral argument on June 28, 2012, the Court GRANTS Defendant's motions.[1]

## BACKGROUND

In 2008, Defendant defaulted on a 2005 student loan. (Dkt. No. 1, Ex. A.) Plaintiff filed this student loan complaint in February of 2011 (Dkt. No. 1) and served Defendant on March 7, 2011 (Dkt. No. 2). On March 28, 2011, Defendant and Plaintiff spoke by phone and

---

[1] Pursuant to 28 U.S.C. § 636(c), both parties consented to the jurisdiction of a United States magistrate judge. (Dkt. Nos. 16, 20).

agreed to a time extension under which Defendant would file a responsive pleading by May 4, 2011. (Dkt. No. 18.) When Defendant missed this deadline, Plaintiff moved for default judgment on the very next day, May 5, 2011. (Dkt. No. 3.) Though the Clerk declined entry of default (Dkt. No. 6), the associated electronic docket entry mistakenly reads: "Clerks Notice Entry OF DEFAULT." Default judgment was then entered against Defendant on May 13, 2011. (Dkt. No. 7.) An Abstract of Judgment against Defendant was thereafter recorded in Alameda County records in September of 2011, and Plaintiff sent Defendant an unacknowledged letter referencing the default judgment entry in October of 2011. (Dkt. No. 18, Exs. 4, 5.) On March 16, 2012, the Clerk's Notice of Entry of Default was corrected. (Dkt. No. 9.) Two months later, on May 13, 2012, Defendant filed a Motion to Vacate Default Judgment (Dkt. No. 11) to which Plaintiff responded (Dkt. No. 17).

Defendant claims he defaulted because of medical issues following three surgeries necessitated by a cancer diagnosis. The third surgery took place in October of 2010 and required a lengthy recuperation. (Dkt. No. 13, Ex. A.) Defendant provides two medical notes that outline the period during which he was to refrain from work post-surgery. (Dkt. No. 13. Exs. A, B.) The first document, generated pre-surgery on September 30, 2010, states that Defendant "will be undergoing a third surgery for his persistent neck cancer . . . and will require a long recovery period of four months duration." (Dkt. No. 13, Ex. A.) According to this note, Defendant would have been back at work by February 4, 2011, prior to the initiation of this action. Defendant alleges that "[a]s time drew near for [him] to return to work, [he] once again became very ill." (Dkt. No. 11, Iscandari Dec. ¶ 4.) Indeed, the second medical document, generated post-surgery on April 24, 2012, indicates that Defendant "requires periodic convalescence because of his ongoing medical condition" and cannot work from January 1, 2011 through January 1, 2013. (Dkt. No. 13, Ex. B.)

## DISCUSSION

Defendant argues that his circumstances show "good cause" to vacate the default judgment entered against him. Defendant relies on Federal Rules of Civil Procedure 55(c) and 60(b) to support his argument. FRCP 55(c) states that the "court may set aside an entry of

2

default for good cause, and it may set aside a default judgment under Rule 60(b). Fed. R. Civ. P. 55(c). FRCP 60(b) states that a party may be relieved from a final judgment in the case of 1)"mistake, inadvertence, surprise, or excusable neglect;" 2) new evidence; 3) fraud; 4) a void judgment; 5) change in the premise upon which the judgment was based; or 6) "any other reason justifying relief." Fed. R. Civ. P. 60(b). Mistake/inexcusable neglect, new evidence, or fraud must be pleaded by the defendant "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c).

**A. Defendant's Motion is Timely**

As a preliminary matter, Plaintiff argues that Defendant's motion is untimely based on the Rule 60(c) one-year requirement: since judgment was entered on May 13, 2012 the motion to vacate had to be filed by May 12, 2012. The Court disagrees. Federal Rule of Civil Procedure 6(a) states that "in computing any time period specified in these rules," and "[w]hen the period is stated in days or a longer unit of time: (A) exclude the day of the event that triggers the period." Fed. R. Civ. P. 6(a)(1)(A). "Rule 6(a) is widely applied to federal limitations periods." Patterson v. Stewart, 251 F.3d 1243, 1245 (9th Cir. 2001). Moreover, "the 'anniversary method' of Rule 6(a) has the advantage of being easier for [litigants], their attorneys and the courts to remember and apply." Id. Under this "anniversary rule," Defendant's May 13, 2012 filing was timely. See, e.g., Slama v. City of Madera, 2011 WL 3667334, *3 (E.D. Cal. Aug. 22, 2011) (stating that a motion filed on April 15, 2011 was "one day shy of one year" from the April 16, 2010 date the court entered its ruling).

Even if Plaintiff were correct that the last day for Defendant to file his motion was May 12, 2012, that day fell on a Saturday. Rule 6(a)(1)(C) provides that if the last day of a time period falls on "a Saturday, Sunday or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday." Thus, Defendant actually had until May 14, 2012 to file his motion to vacate. His May 13 filing is therefore timely. The Court therefore need not resolve the parties' disagreement as to which date controls: May 13, 2011, when the default judgment was entered but arguably tainted by a clerical error that in fact denied the entry of default, or March 16, 2012, when an amended entry of default was

3

issued to correct the clerical error. Defendant's motion, filed on May 13, 2012, is within one year of both dates.

### B. Good Cause Exists for Vacating the Judgment

The same "good cause" standard "governs vacating an entry of default under Rule 55(c) . . . [and] vacating a default judgment under Rule 60(b)." Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 925 (9th Cir. 2004). Two policy considerations inform the application of Rule 60(b): 1) the rule "is remedial in nature and therefore must be liberally applied," and 2) "judgment by default is a drastic step appropriate only in extreme circumstances; a case should, whenever possible, be decided on the merits." Falk v. Allen, 739 F.2d 461, 463 (9th Cir. 2001). Based on these principles, three factors guide whether a default judgment should be vacated: "whether the defendant's culpable conduct led to the default; whether the defendant has a meritorious defense; and whether reopening default judgment would prejudice the plaintiff." TCI Group Life Ins. Plan v. Knoebber, 244 F.3d 691, 696 (9th Cir. 2001). Defendant must show that "any of these factors favor[s] setting aside the default," and the default may stand if any of the three factors weighs against Defendant. Franchise Holding II, LLC. v. Huntington Restaurants Group, Inc., 375 F.3d 922, 926 (9th Cir. 2004); see also Brandt v. American Bankers Ins. Co. of Florida, 653 F.3d 1108, 1112 (9th Cir. 2011)(stating that a court "may exercise its discretion to deny relief to a defaulting defendant based solely upon a finding of defendant's culpability but need not").

#### 1. Culpable Conduct

Defendant's conduct is culpable if he intentionally failed to answer after receiving either actual or constructive notice of the action. U.S. v. Signed Personal Check No. 730 of Yubran S. Mesle, 615 F.3d 1085, 1092 (9th Cir. 2010). Intentional conduct does not refer to "a conscious choice not to answer; rather, to treat a failure to answer as culpable, the movant must have acted with bad faith, such as an intention to take advantage of the opposing party, interfere with judicial decisionmaking, or otherwise manipulate the legal process." Id. (internal quotation and citation omitted). Consequently, "simple carelessness is not sufficient

1  to treat a negligent failure to reply as inexcusable, at least without a demonstration that other
2  equitable factors, such as prejudice, weigh heavily in favor of denial of the motion to set aside
3  a default." Id.

4  Plaintiff asserts that Defendant's "conduct is culpable mainly because he bargained for
5  and received from [Plaintiff] a specific timeframe to plead (May 4, 2011) and failed to do so."
6  (Dkt. No. 17 at 3.)  Though Plaintiff raises the date discrepancies in Defendant's medical
7  records, there are no assertions that Defendant failed to answer this action in bad faith or to
8  interfere with or manipulate the outcome.  Rather, the records support an inference that the
9  pre-surgery prognosis for Defendant's recovery time was not borne out by the post-surgery
10 reality.  In addition, Defendant's unfulfilled promise to meet an extended filing deadline
11 might have delayed Plaintiff's motion for default, but Plaintiff does not claim that this delay
12 resulted in prejudice or that Defendant made the agreement with the intent to take advantage
13 of Plaintiff.  Indeed, "physical or mental illness is a common ground for finding conduct non-
14 culpable when considering whether to lift a default judgment or overturn the failure to lift a
15 default judgment." TCI, 244 F.3d at 698 n.5.  Given the undisputed serious nature of
16 Defendant's ongoing illness, and the fact that at the same time he has been coping with this
17 illness he has had to handle a solo legal practice, the Court does not find culpable conduct.

### 2. Meritorious Defense

19 To satisfy this prong, Defendant must "allege sufficient facts that, if true, would
20 constitute a defense." Signed Personal Check, 615 F.3d at 1094.  This burden is not, however,
21 "extraordinarily heavy," and the truth of these factual allegations is not part of this inquiry.
22 Id.  Plaintiff maintains that the default judgment can only be set aside if Defendant "can show
23 facts which would constitute a defense to the note." (Dkt. No. 17 at 4.)  In his proposed
24 answer, Defendant alleges that Plaintiff's complaint fails to state a claim upon which relief
25 can be granted and that Plaintiff failed to exhaust administrative remedies prior to filing the
26 action. (Dkt. No. 12-1 at 4.)  Mere "conclusory statements that a dispute existed . . . is not
27 enough to justify vacating a default or default judgment." Franchise Holding II, 375 F.3d at
28 926; Madsen v. Bumb, 419 F.2d 4, 6 (9th Cir. 1969)(finding that a proposed answer with "a

mere general denial without facts to support it" lacked sufficient merit to set aside a default judgment). This factor weighs against Defendant as his proposed answer does not delineate facts that would constitute a defense but instead avers a general denial of Plaintiff's claims.

### 3. Prejudice

"To be prejudicial, the setting aside of a default must result in greater harm than simply delaying resolution of the case." TCI, 244 F.3d at 701. The measure of prejudice is whether Plaintiff would be hindered in pursuing his claim were the default judgment vacated. Id. Here, Plaintiff does not articulate any prejudice, and this factor therefore weighs in favor of Defendant.

## CONCLUSION

Defendant has established that his default arose from a serious medical condition, and Plaintiff has not articulated any prejudice that would result from vacating the default judgment at issue. Though Defendant has not established a meritorious defense, this failure is not dispositive. In aggregate, the three factors weigh in favor of vacating the default judgment, which, in any event, is only appropriate "in extreme circumstances." Falk, 739 F.2d at 463. Consequently, the Court GRANTS Defendant's motions to vacate the default judgment and extend time to file his answer. **Defendant must file his answer within 30 days of the date of this Order.**

This Order disposes of Docket Nos. 11 and 12.

**IT IS SO ORDERED.**

Dated: July 2, 2012

_____
JACQUELINE SCOTT CORLEY
UNITED STATES MAGISTRATE JUDGE